Second District Court of Essex County.

THE SILENT WATCHMAN CORPORATION, PLAINTIFF, v. ALBERT KATZ, LAST KNOWN TO BE TRANSACTING BUSINESS UNDER THE NAME—THE CAPITOL OIL COMPANY, DEFENDANT.

Decided August 5, 1935.

For the plaintiff, *Albert L. Halkin.*

For the defendant, *Kapp Brothers* (by *Herman W. Kapp*).

Masucci, D. C. J. This is a small claims suit in which the facts have been heard by a referee and wherein counsel for both parties have stipulated that the hearing be so heard for their convenience and without prejudice to a special appearance entered by the defendant. The legal question raised is to be disposed of by the court.

The defendant was served with a statutory notice or summons issued out of the Small Claims Division of this court. There is no question as to the mode or manner of service or that it did not substantially follow the form in the statute. See *Pamph. L.* 1926, *p.* 373, § 6; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 476, § 61-221g, or *Eckman's District Court Practice* (*4th ed.*) § 35-g.

It is contended that, as the writ was not issued in the name of "The State of New Jersey" that it is in violation of the provisions of section 3 of article VIII of the constitution of New Jersey of 1844, as amended 1 *Comp. Stat., p.* c. No briefs have been submitted. The case in point seems to be *Lennig* v. *Newkirk,* 7 *N. J. L. J.* 87. Mr. Justice Reed, in commenting upon a writ issued by a justice of the peace, was of the opinion that the constitutional provision applied only to some writs and not to all writs.

He said:

"* * * The objection to this process is based upon that part of the requirement of article VIII, section 3, of the constitution of this state, reading as follows: 'All writs shall be in the name of the state.'

"In the constitution of 1776 the provision was 'that all commissions granted by the governor or vice-president shall run thus: "The colony of New Jersey to A B and greeting," and that all writs shall likewise run in the name of the colony.'

"I think it is obvious that the inducing cause of the enactment of these provisions was the dissolution of the allegiance to the British government in the first instance, and the change from a colony to a state government in the second instance. All writs before the revolution ran in the name of the king. The act of severance by the adoption of the colonial constitution by the provincial congress two days before the declaration of independence by the continental congress, required as a substitution for the discarded sovereignty a new sovereignty by a new name. The name 'The Colony of New Jersey' was substituted for the words 'His Majesty.' Then upon the organization of the state government the name of the State of New Jersey was substituted for that of the colony of New Jersey.

"I conclude, therefore, that the force to be given to the clause in the constitution is that all writs which, before the revolution, went in the name of the king, afterward should go in the name of the colony or state, and that only such processes as at common law were required to be in the name of the sovereign, now have to run in the name of the sovereign power of the state."

The Small Claims Division of the District Court is a statutory tribunal, existing only since 1926 and its writs do not come within the purview of section 3 of article VIII of the constitution (1 *Comp. Stat.*, p. c.), and the statutory notice or summons, otherwise good, is not void because it was not issued in the name of the state. A judgment of no cause of action will enter on the findings of fact contained in the referee's report and filed in the cause.